IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Leabo, et al., | |
| Plaintiffs, | No. CV-00-1527-PHX-PGR |
| vs. | |
| Allied Signal, Inc., et al., | <u>ORDER</u> |
| Defendants. | |

Pending before the Court is Defendant General Electric Company's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 85), to which defendant Metropolitan Life Insurance Company has filed joinders (Docs. 88 and 92). Having considered the parties' memoranda in light of the relevant record, the Court finds that the Rule 12(c) motion should be granted.[1]

<u>Background</u>

This wrongful death action against 16 defendants was initially commenced in the Maricopa County Superior Court (CV2000-011587) on June 20, 2000; the action was filed just prior to the expiration of Arizona's two-year limitations period.

---

[1] No party has requested oral argument and the Court concludes that oral argument would not aid the decisional process.

The action arises from Lloyd Leabo's death on June 21, 1998, allegedly as a result of asbestos-related malignant mesothelioma. The action was removed to this Court on the basis of diversity jurisdiction on August 8, 2000, and was transferred by the Judicial Panel on Multidistrict Litigation to the Eastern District of Pennsylvania ("the MDL court") in November 2000 to be a member case in MDL-875, the massive national asbestos litigation action. For reasons unexplained by the record, no post-transfer prosecution of this action was undertaken until February 2009, when the MDL court finally assigned this action a MDL member case number (09-cv-62503). The MDL court issued a scheduling order relevant to this action on April 26, 2010 that, in part, required that all discovery be completed by August 14, 2010, and that all dispositive motions be filed by November 28, 2010. The MDL court, noting that discovery had been completed and that any outstanding motions had been adjudicated, entered an order on February 28, 2011 suggesting that this action should be remanded as it was "prepared for trial without delay once on the transferor court's docket." The MDL court, as part of that order, severed any claims for punitive or exemplary damages and stated that those damages claims would remain part of the MDL action. The Judicial Panel on Multidistrict Litigation remanded the action to this Court on March 10, 2011. According to the plaintiffs, the only remaining defendants in this action are General Electric Company and Metropolitan Life Insurance Company ("MetLife").

The plaintiffs filed a second, essentially identical, action in the Maricopa County Superior Court (CV2000-018190) on October 4, 2000 against 19 defendants, including General Electric and MetLife; they specifically acknowledge that they filed the second state court action because they knew that this action

would become part of the MDL action and would therefore be delayed for an interminable period of time. There is no dispute that the only difference between the two actions is that in the second action the plaintiffs deleted two of the originally named defendants and added four new defendants; the plaintiffs' claims are identical in the two actions.

The second state court action was actively litigated for two years, and was dismissed with prejudice by the superior court in October 2002 in a summary judgment ruling. Among the dispositive motions that were filed in that action were two summary judgment motions by defendants Amchem Products and CertainTeed Corp., both of which argued that the plaintiffs could not demonstrate the elements of causation; both General Electric and MetLife filed joinders in these motions.[2] No ruling was ever made by the superior court on these motions notwithstanding General Electric and MetLife's joinders because Amchem and CertainTeed reached a settlement with the plaintiffs.

Defendant Elof Hansson, Inc. also filed a summary judgment motion in the

---

[2]
General Electric's joinder, which is part of the record of this action, stated in part:

> Defendant GENERAL ELECTRIC COMPANY'S position in this case is identical with that of ACHEM and CERTAINTEED. Summary judgment should be granted in favor of Defendant, GENERAL ELECTRIC COMPANY, against Plaintiffs because Plaintiffs could not demonstrate the elements of causation. The Plaintiffs have failed to provide any evidence to demonstrate that Mr. Leabo was exposed to any asbestos-containing product manufactured, distributed or sold by GENERAL ELECTRIC COMPANY or GENERAL ELECTRIC, INC. The Plaintiffs have no evidence that demonstrate the elements of factual and proximate cause with respect to GENERAL ELECTRIC COMPANY, and, therefore, GENERAL ELECTRIC COMPANY is entitled to judgment.

second action; its motion argued that the action was time-barred because it was filed after the expiration of Arizona's two-year statute of limitations for personal injury actions; General Electric and MetLife, along with some other defendants, also filed joinders in this motion. Although Elof Hansson reached a settlement with the plaintiffs prior to its motion being heard, the superior court, at the request of another defendant that asserted that the statute of limitations issue still needed to be decided due to the various joinders, heard oral argument on Elof Hansson's motion in July 2002. In a ruling dated September 5, 2002, which is part of the record of this action, the superior court granted Hansson's summary judgment motion, finding that the plaintiffs' second state court action was time-barred. The superior court's order stated in part:

> Plaintiffs had adequate information to file their original wrongful death litigation prior to June 21, 2000, which is now pending in federal court. In an attempt to defeat the diversity jurisdiction of the federal court, the Plaintiffs re-filed this matter on or before October 4, 2000, deleting some of the originally named out-of-state Defendants. Plaintiffs' only given excuse for failing to file this case before the apparent June 21, 2000 running of the statute of limitations is premised upon their contention that there was a delay in discovering the manufacturers of the Asbestos products to which decedent may have been exposed.
> However, there is no competent evidence before this Court to remotely suggest that the Plaintiffs or their counsel exercised reasonable diligence between June 21, 1998 and June 21, 2000 to discover the possible sources of Asbestos exposure, or to confer with any of decedent's co-workers or supervisors from his years of work as a sheet metal worker in order to determine such source. More importantly, the Plaintiffs possessed adequate information to file the federal litigation well within the statute of limitations, and, according, could have done so in the Arizona courts.
> Now, therefore,
> IT IS FURTHER ORDERED dismissing Plaintiffs' Complaint with prejudice. ...

On October 30, 2002, the superior court entered an Order of Dismissal With Prejudice; that order, which is also part of the record of this action, stated *in toto*:

> This matter having come before the Court pursuant to various

- 4 -

<blockquote>
defendants' Motions for Summary Judgment, and the Court having considered the Motions, plaintiffs' response, the replies of the defendants, and the Court having heard oral argument,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED granting the defendants' Motions for Summary Judgment. This matter is dismissed with prejudice as to defendant The Sager Corporation, defendant Asbestos Engineering and Supply Company, defendant General Electric Company, defendant General Metals Manufacturing and Supply Company f/k/a General Metals Supply Company, and defendant Metropolitan Life Insurance Company.

DONE IN OPEN COURT this [October 30, 2002]

    [Judge's Signature]
Judge Paul Katz
Maricopa County Superior Court
</blockquote>

The superior court never entered a separate judgment regarding its dismissal order, and the plaintiffs never moved for reconsideration of the dismissal order, nor did they file any appeal from that order.

Discussion

    General Electric has moved to dismiss this action as to it pursuant to Fed.R.Civ.P. 12(c) on the ground that the plaintiffs' claims are barred by the doctrine of res judicata as a result of the dismissal with prejudice of the plaintiffs' second state court action; MetLife has filed a joinder in General Electric's motion. A judgment on the pleadings under Rule 12(c) is properly granted when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009). Both General Electric and the plaintiffs have submitted documents from the two state court actions in support of their positions. The fact that these court documents are outside of the pleadings does not require that the Rule 12(c) motion be

converted into a motion for summary judgment.[3] *See* <u>MGIC Indemnity Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir.1986) (In taking judicial notice of a motion to dismiss and its supporting memorandum filed in a different case that was made part of the record in the instant action, the court noted that "on a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir.1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."), *overruled on other grounds by* <u>Astoria Federal Savings & Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991).

A. Timeliness of General Electric's Motion

The plaintiffs initially argue, albeit in a very cursory manner, that the Rule 12(c) motion, which was filed on April 12, 2011, should be denied as untimely because the MDL court, in a scheduling order entered on April 26, 2010 pertaining to numerous member cases including this one, set November 28, 2010 as the deadline for filing dispositive motions and neither General Electric nor Metropolitan filed any such motion by that date. General Electric contends that it should not be held to the MDL Court's dispositive motion deadline because the record does not establish that General Electric had any knowledge of it. The Court agrees with General Electric.

At the time this action was transferred to the MDL court, General Electric was represented by Tom Althaus of the law firm of Duffield Young Adamson &

---

[3] General Electric, joined by MetLife, and without objection by the plaintiffs, has requested that the Court take judicial notice of various exhibits it has submitted which are documents from the two state court cases. The Court has done so.

Alfred, P.C. in Tucson; Althaus also represented General Electric throughout the second state court action. General Electric's contention is that it had no representation at the time the MDL court finally commenced the litigation of this action in February 2009 because Tom Althaus left his law practice in December 2007, and died on November 26, 2010. General Electric's contention is supported by the affidavit of Johnny Helenbolt, a shareholder in the successor law firm of Duffield Adamson & Helenbolt in Tucson, who states that no one at his law firm received any notice from the MDL court after Althaus' departure, that no files related to General Electric were considered open or active after Althaus left the firm, and that General Electric is not a current client of the law firm. Although the MDL court's docket lists Althaus as General Electric's counsel of record, General Electric's position is supported by the fact that there is nothing on that docket that shows that General Electric participated in any manner in the MDL action during the two years this case was actively a MDL member case, which the Court is persuaded General Electric would have done had it known that the MDL court had, after a more than eight-year delay, commenced the litigation of the MDL aspect of this action given that General Electric actively defended itself in the second state court action. While the plaintiffs state that they served notices of all of their MDL-related filings on General Electric through Althaus and the Duffield law firm, the plaintiffs have not established that General Electric actually received effective notice of anything after this case was opened as a MDL member case.

MetLife's situation is different from General Electric's because it is undisputed that MetLife litigated this action during the time it was a MDL member case, and it is clear from that participation that MetLife had knowledge of the MDL

court's scheduling order. Notwithstanding that MetLife has not provided any explanation for its failure to abide by the MDL court's dispositive motion deadline, the Court will not deny MetLife's joiner in the Rule 12(c) motion because the plaintiffs, whose burden it is to do so, have failed to present any cogent argument supported by legal authority explaining why the Court should do otherwise. *See* F.D.I.C. v. Garner, 126 F.3d 1138, 1145 (9th Cir.1997) (Court noted that a litigant who presents no case law or argument in support of a claim is deemed to have waived that argument); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. ... We will not do his research for him.")

B. Res Judicata

This Court must give the superior court's dismissal order in the second state court action the same preclusive effect that Arizona courts would give it. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525, 106 S.Ct. 768, 772 (1986); In the Matter of Lockard, 884 F.2d 1171, 1174 (9th Cir.1989) (The Full Faith and Credit Act, 28 U.S.C. § 1738, "has been interpreted to mean that a federal court must give a state court judgment the same preclusive effect it would receive in that state.") The doctrine of res judicata, *i.e.* claim preclusion, as applied by the Arizona Supreme Court, "will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." Hall v. Lalli, 977 P.2d 776, 779 (Ariz.1999). The Court concludes that the superior court's dismissal of the second state court action with prejudice satisfies all of the requirements for claim

preclusion.

First, there is no dispute that the superior court is a court of competent jurisdiction, or that the relevant parties and all of the claims are identical in the two actions.

Second, the fact that this action was commenced prior to the second state court action is immaterial for res judicata purposes since it is the date of judgment, not the dates of commencement of the action creating the bar or the action affected by the bar, that controls the application of res judicata principles. Day v. Wiswall's Estate, 381 P.2d 217, 219 (Ariz.1963) ("Moreover, if two actions involving the same issues and parties are pending at the same time, when a judgment in one becomes final it may be raised in bar of the other, regardless of which action was begun first."); *accord*, U.S. ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir.1998) (citing to Restatement (Second) of Judgments § 14).

Third, the fact that the superior court did not enter a separate judgment in the second action is also immaterial for purposes of res judicata; the superior court's final order of dismissal with prejudice itself constitutes a judgment because it was a written order, it was signed by the judge, and it was filed with the Maricopa County Superior Court Clerk. Focal Point, Inc. v. Court of Appeals of the State of Arizona, Div. One, 717 P.2d 432, 433 (Ariz.1986) (Court noted that "[ Ariz.R.Civ.P.] 58(a) has three requirements for a judgment. The judgment must be (1) written, (2) signed by a judgment, and (3) filed with the clerk of the court. The minute entry in this case satisfies all three requirements."); In the Matter of Lockard, 884 F.2d at 1176.

Fourth, the superior court's order granting summary judgment on the

ground that the second action was time-barred constitutes an adjudication on the merits for purposes of res judicata. El Paso Natural Gas Co. v. Arizona, 599 P.2d 175, 178 (Ariz.1979), *cert. denied*, 445 U.S. 938 (1980) (Summary judgments are final judgments on the merits for res judicata purposes); Cannon v. CIGNA Health Corp., 2008 WL 4173089, at *4 (Ariz.App. March 6, 2008) (Accepting that a dismissal on statute of limitations grounds can be treated as a dismissal on the merits for res judicata purposes.)

The plaintiffs argue that res judicata cannot bar their claims in this timely-filed action because the only issue determined in the superior court in the second action was the lack of timeliness of that action. The Court disagrees.[4] While the plaintiffs are correct that the superior court never ruled on the causation-related summary judgment motions, the lack of such a ruling is immaterial because claim preclusion, unlike issue preclusion, makes a valid final judgment conclusive as to every issue decided and every issue raised by the record that could have been decided. Day v. Wiswall's Estate, 381 P.2d at 219. *Cf.* Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 and n.2 (9th Cir.1982) (Court, in affirming a dismissal on res judicata grounds, rejected the plaintiff's contention that the question involved in his second action was never litigated in the prior action as being "simply irrelevant" because claim preclusion bars all claims that could have been brought in the first action whether they were or not; in doing so, the court noted that the plaintiff was apparently confusing res judicata with collateral estoppel, which does apply only when the issue in the second suit was actually

---

[4] The Court agrees with General Electric that Rouselle v. Jewett, 421 P.2d 529 (Ariz.1966), the sole case relied on by the plaintiffs for their contention that res judicata cannot bar this action, is inapposite as it involves an issue that is not present here.

- 10 -

and necessarily determined in the first action.); Clements v. Airport Authority of Washoe County, 69 F.3d 321, 327 (9th Cir.1995) ("Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated. Assuming the basic requirements of claim preclusion are met, certain unlitigated claims merge with the prior judgment in the case.")

To the extent that the plaintiffs may be impliedly arguing that it is unfair to dismiss this timely-filed action solely because the subsequently-filed action has been determined to have been untimely filed, the Court is unpersuaded. The plaintiffs created this situation by intentionally filing and litigating to finality the second state court action in order to overcome the delay inherent in this action being part of an MDL action, and they have not met their burden of supporting a fairness-based argument with any relevant legal authority. In any case, while the Arizona courts recognize that the preclusion doctrines should not be rigidly applied in a particular case, even if otherwise applicable, if to do so would contravene some overriding consideration of fairness to a litigant, Hullett v. Cousin, 63 P.3d 1029, 1035 (Ariz.2003) (issue preclusion case); In re Marriage of Gibbs, __ P.3d __, 2011 WL 2322276, at *2-3 (Ariz.App. June 9, 2011) (claim preclusion case), the Court cannot conclude that the application of claim preclusion to this action contravenes any overriding public policy or results in any manifest injustice. *See* Restatement (Second) of Judgments § 26(f) and comment i (noting that while claim preclusion does not apply to extinguish a claim if it is "clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason," the exception is applicable only in a small category of cases "and is not lightly to be found but must be based on a

clear and convincing showing of need.") Therefore,

IT IS ORDERED that the Motion to Withdraw as Counsel for GAF Corporation (Doc. 94) is granted and that Sheila Carmody, Esq. is withdrawn as counsel of record for defendant GAF Corporation.

IT IS FURTHER ORDERED that Defendant General Electric Company's Request for Judicial Notice (Doc. 86), and defendant Metropolitan Life Insurance Company's joinder therein (Doc. 88), are granted.

IT IS FURTHER ORDERED that Defendant General Electric Company's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 85), and defendant Metropolitan Life Insurance Company's joinders therein (Docs. 88 and 92), are granted. The remainder of this action is dismissed in its entirety with prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 8th day of August, 2011.

Paul G. Rosenblatt
United States District Judge